# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL KEITH BROOKS,<br><br>    Plaintiff,<br><br>v.<br><br>MILWAUKEE COUNTY SHERIFF'S DEPARTMENT, ARMOR CORRECTIONAL HEALTH SERVICES, INC., DAVID A. CLARKE, JR., RICHARD R. SCHMIDT, LIEUTENANT MATEO, LIEUTENANT ARTUS, OFFICER DILLON, OFFICER JOHNSTON, OFFICER ERICKSON, OFFICER RUIZ, NURSE AMY, NURSE JACKIE, and NURSE PRACTIONER BRANDON,<br><br>    Defendants. | Case No. 18-CV-1767-JPS<br><br><br>**ORDER** |

Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated at the Milwaukee County Jail ("MCJ"). (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $13.52. 28 U.S.C. § 1915(b)(4).[1]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a

---

[1]Plaintiff filed a motion to pay the initial partial filing fee from his release account and a motion to extend time to pay. (Docket #6). However, Plaintiff ultimately paid $13.52 in a timely fashion. Therefore, that motion will be denied as moot.

governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff's allegations concern the failure of MCJ staff to provide him with adequate medical supplies to address an on-going health issue. (Docket #1 at 1). Plaintiff alleges that between August and October 2017, he was not supplied with enough catheters and related supplies to relieve himself on a regular basis. As a result, he was forced to re-use catheters without surgical lubricant, thereby exposing himself to urinary tract infections, or go hours and hours without relieving himself. *Id.* at 3. His clothes and bed linens were frequently soiled from leakage resulting from the hours he went without relieving himself, and he was denied a shower

and a change of clothes several times. *Id.* at 4. When he attempted to raise his complaints with Officer Johnston and Lieutenant Mateo, he was ignored and forced to continue sleeping in soiled clothing and bed linen. Officer Ruiz denied him a shower, but gave him a change of clothing and bed linen. *Id.* at 5.

When Plaintiff complained of his inadequate medical treatment to Nurse Practitioner Brandon, he was told that the only solution would be to install a permanent catheter and a urine bag. Plaintiff continued to receive an inadequate number of catheters and related supplies. Nurse Supervisor Amy was also apprised of the issue of an inadequate number of catheters and related supplies, but she did not take any remedial steps. Plaintiff wrote to Lieutenant Artus, Sheriff David Clark, and Nurse Supervisor Jackie about the issue, and filed several inmate grievance forms. Nobody responded to his letters. Additionally, although his grievance response forms indicated that his medical issue was founded, there was no change in his treatment. *Id.* at 6. He continued to receive inadequate supplies. Throughout September, Plaintiff also continued to be denied showers, and was forced to reuse catheters. He filed additional grievance forms throughout September and October, indicating that there had been no change in his treatment. As a result of the inadequate medical care, Plaintiff suffered pain, was forced to sleep in soiled clothes and linens, and was exposed to a heightened risk of infection.

Plaintiff's complaint crosses the low threshold set at screening. He has successfully stated claims for deliberate indifference to his serious

medical needs and for unconstitutional conditions of confinement, in violation of the Eighth Amendment.[2]

To sustain such a claim for deliberate indifference to a serious medical need, Plaintiff must show: (1) an objectively serious medical condition; (2) that Defendants knew of the condition and were deliberately indifferent in treating it; and (3) this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference inquiry has two components. "The official must have subjective knowledge of the risk to the inmate's health, and the official also must disregard that risk." *Id.* Negligence cannot support a claim of deliberate indifference, nor is medical malpractice a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976); *Roe v. Elyea*, 631 F.3d 843, 857 (7th Cir. 2011). To show that a delay in providing treatment is actionable under the Eighth Amendment, Plaintiff must also provide evidence that the delay exacerbated his injury or unnecessarily prolonged pain. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

To state a claim for unconstitutional conditions of confinement, Plaintiff must allege that officials were deliberately indifferent to conditions of confinement that constituted an "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when

---

[2]It is unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. For now, the Court finds that Plaintiff could proceed even under the more stringent standard provided by the Eighth Amendment. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350-54 (7th Cir. 2018).

prisoners are deprived of "the minimal civilized measure of life's necessities."). At this stage, the Court finds that Plaintiff has stated claims against Lieutenant Mateo, Lieutenant Artus, Officer Dillon, Officer Johnston, Officer Erickson, Officer Ruiz, Nurse Amy, Nurse Jackie, and Nurse Practitioner Brandon, for deliberate indifference to his serious medical needs and for unconstitutional conditions of confinement. Thus, Plaintiff shall be permitted to proceed against these defendants on two claims for Eighth Amendment violations: first, for deliberate indifference to his serious medical needs, and second, for his unconstitutional conditions of confinement. 28 U.S.C. § 1915A(b). The Court notes that Armor Correctional Health Services, Inc., Milwaukee County Sheriff's Department, David A. Clarke, Jr. and Richard R. Schmidt are not appropriate defendants in this matter, and will therefore be dismissed. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009); *Minix v. Canarecci*, 597 F.3d 824, 833–34 (7th Cir. 2010).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to pay initial partial filing fee from release account and motion for extension of time (Docket #6) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Defendants Milwaukee County Sheriff's Department, Armor Correctional Health Services, Inc., David A. Clarke, Jr. and Richard R. Schmidt be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this court, copies of Plaintiff's

complaint and this order are being electronically sent today to Milwaukee County for service on Defendants Lieutenant Mateo, Lieutenant Artus, Officer Dillon, Officer Johnston, Officer Erickson, and Officer Ruiz;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this court, Defendants Lieutenant Mateo, Lieutenant Artus, Officer Dillon, Officer Johnston, Officer Erickson, and Officer Ruiz shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this order;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendants Nurse Amy, Nurse Jackie, and Nurse Practitioner Brandon pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service;

**IT IS FURTHER ORDERED** that Defendants Nurse Amy, Nurse Jackie, and Nurse Practitioner Brandon shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk

of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that Plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The Court further advises Plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of August, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge