# UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL KEITH BROOKS,

          Plaintiff,

v.

MILWAUKEE COUNTY SHERIFF'S
DEPARTMENT,ARMOR CORRECTIONAL
SERVICES,DAVID CLARK JR.,SCHMIDT, JOHN
DOE #1, JOHN DOE #2,MATEO, ATRUS DILLION,
JOHNSTON, ERICKSON, RUIZ, AMY, JACKIE,
BRANDON

          Defendants.

No. 18CV-1767

Judge

## ANSWER TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

NOW COMES the Defendant, BRANDON DECKER, NP, by his attorneys, John J. Reid
of CASSIDAY SCHADE LLP, and provide the following Answer and Affirmative Defenses to
Plaintiff's Amended Complaint (Dkt 22), states as follows:

### PRELIMINARY STATEMENT

1. This Defendants without knowledge or information sufficient to form a belief as to the
   truth of the allegations contained in Paragraph 1 of Plaintiff's Amended Complaint at
   Law and, therefore, denies the same.
2. This Defendant, upon information and belief, admits that this Court has jurisdiction over
   the claims as alleged in the Plaintiff's Amended Complaint at Law but denies that this
   Defendant violated any laws or rights afforded to the Plaintiff.
3. This Defendant, upon information and belief, admits that this Court has jurisdiction over
   the claims as alleged in the Plaintiff's Amended Complaint at Law but denies that this
   Defendant violated any laws or rights afforded to the Plaintiff.
4. This Defendant, upon information and belief, admits that the Court has authority under
   the statues cited in paragraph 4 of Plaintiff's Amended Complaint at Law but denies
   Plaintiff is entitled to injunctive relief.

### VENUE

5. This Defendant, upon information and belief, admits the allegations contained in
   paragraph 5 of Plaintiff's Amended Complaint at Law.

Case 2:18-cv-01767-JPS   Filed 11/08/19   Page 1 of 7   Document 23

## PARTIES

6. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

7. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

8. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

9. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

10. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

11. This Defendant admits that he was a Nurse Practitioner that worked at Milwaukee County Jail but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

## ALLEGATION OF FACT

12. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

13. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

14. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

15. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

16. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

17. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

Case 2:18-cv-01767-JPS   Filed 11/08/19   Page 2 of 7   Document 23

18. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

19. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

20. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

21. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

22. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

23. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

24. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

25. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

26. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

27. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

28. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

29. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

30. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

31. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

32. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

33. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

34. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

35. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

36. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

37. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

38. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

39. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

40. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

41. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

42. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

43. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

Case 2:18-cv-01767-JPS   Filed 11/08/19   Page 4 of 7   Document 23

44. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.
45. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.
46. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.
47. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.
48. This Defendants without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiff's Amended Complaint at Law and, therefore, denies the same.

## CLAIMS FOR RELIEF

49. This Defendant asserts that Plaintiff's paragraph 49 appears to call for a legal conclusion to which no response is required. To the extent a response is required, this Defendant denies that he was deliberately indifferent to any serious medical need or that he violated any rights of the Plaintiff and denies all allegations in Paragraph 49 of Plaintiff's Amended Complaint at Law.
50. This Defendant denies that the Plaintiff is entitled to any relief whatsoever, including in subparagraphs (A) through (F) and each and every one of them.

## JURY DEMAND

This Defendant acknowledges that Plaintiff has requested a Jury Demand. This Defendant also hereby requests a trial by Jury.

## AFFIRMITVE DEFENSES

As and for separate and affirmative defenses, this answering Defendant hereby alleges and states the following affirmative defenses:

1. Plaintiff fails to state a claim upon which relief may be granted against this Defendant.

2. This Defendant is not a proper party to this action.

3. To the extent that this Defendant is named in their personal capacities, all or portions of Plaintiffs Complaint must be dismissed pursuant to the doctrine of qualified immunity.

4. Any claims for monetary damages in this case are limited under the provisions of 42 use Section 1997 e(e).

5. To the extent that the Plaintiff receives compensation pursuant to settlement with any party herein, this Defendant is entitled to receive a dollar for dollar credit against a judgment entered against her, if any, for the amount of the settlement.

6. All or portions of plaintiffs Complaint must be dismissed to the extent that the plaintiff failed to exhaust administrative remedies.

7. The injuries and damages sustained by the plaintiff resulted from the natural progression of a prior condition, injury or disease process and not the result of any action or inaction by this Defendant.

8. Plaintiffs alleged damages are the result of the actions of third parties for whom this answering Defendant has no right or obligation to control and on whose behalf these answering Defendants are not obligated to pay damages.

9. Plaintiff may have failed to mitigate his damages.

10. Plaintiff s alleged injuries and/or damages are the result of superseding and/or intervening factors.

11. Plaintiff may have failed to name all necessary and Indispensable parties.

12. Plaintiff lacks standing to assert some or all of the claims asserted.

13. Plaintiff cannot recover punitive damages against this Defendant.

14. The injuries sustained by the Plaintiff, if any, are the proximate result, in whole or in part, pf Plaintiffs contributory negligence, recklessness, and/or intentional conduct.

15.This Defendant adopts and incorporates into this answer any affirmative defenses asserted by any other defendant in this matter.

16. Upon information and belief Plaintiffs' claims are barred for failing to comply with the Notice of Claim and Notice of Injury provisions of Wis. Stat. §893.80(1).

17. These Defendants allege and preserve all Affirmative Defenses enumerated in Rules 12(b) and 12 (h) of the Federal Rules of Civil Procedure.

18. This Defendant reserves all other affirmative defenses should any be validated through discovery and specifically denies liability to Plaintiff for any alleged damages.

WHEREFORE, Defendant Brandon Decker by his attorneys, Cassiday Schade LLP, respectfully pray this honorable court enter judgment in his favor and against the Plaintiff, along with an award of costs, fees, expenses, and any other relief this court feels just and fair.

CASSIDAY SCHADE LLP

By: /s/ John J. Reid
One of the Attorneys for Defendant,
BRANDON DECKER, NP

John J. Reid
Wisconsin Bar No. 1057458
CASSIDAY SCHADE LLP
330 E. Kilbourn Ave. Suite 575
Milwaukee, WI 53202
(414) 977.3890
(414)-224-6044 – Fax
jreid@cassiday.com