UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KEITH BROOKS,

    Plaintiff,

    v.                                         Case No. 18-CV-1767-JPS

STEVEN ARTUS,
QUIVON DILLON,
JEFFREY ERICKSON,
PEDRO RUIZ, and
BRANDON DECKER,

    Defendants.

## MILWAUKEE COUNTY DEFENDANTS' ANSWER TO AMENDED COMPLAINT (ECF NO. 22)

Defendants Steven Artus, Quivon Dillon, Jeffrey Erickson, and Pedro Ruiz (the "County Defendants"), by their attorneys Milwaukee County Office of Corporation Counsel, by Deputy Corporation Counsel Anne Berleman Kearney, answer Plaintiff's Amended Complaint as follows:

### PRELIMINARY STATEMENT

1. This is an action brought pursuant to 42 U.S.C. 1983 seeking declaratory, injunctive relief, and damages for Michael K. Brooks, ("Brooks") a prisoner currently confined at Wisconsin Resource Center ("WRC"). This action alleges defendants violated (Brooks) 8th Amendment United States Constitutional rights.

    RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of why Plaintiff brought this case and therefore deny the same. County Defendants admit that Brooks is currently confined at the Wisconsin Resource Center. County Defendants assert that the remainder of Plaintiff's allegations state legal conclusions for which no answer is required.

    2. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. 1331 because this action arises under the Constitution Laws and treaties of the United

States and 28 U.S.C. 1343(a)(3) because this action seeks to redress the deprivation under the color of state law (Brooks) civil rights.

RESPONSE: County Defendants assert that Plaintiff s allegations state legal conclusions for which no answer is required.

3. This court has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. 2201 and 2202 and Fed. R.C.V.P. Rule 57.

RESPONSE: County Defendants assert that Plaintiff s allegations state legal conclusions for which no answer is required.

4. This Court has jurisdiction to grant injuctive [sic] relief persuant [sic] to Fed. R.C.V.P. Rule 65.

RESPONSE: County Defendants assert that Plaintiff s allegations state legal conclusions for which no answer is required.

**VENUE**

5. Venue is proper in this judicial district persuant [sic] to 28 U.S.C. 1391(b)(1) because one or more of the defendants resides in this district and 1391(b)(2) because this is the district where these claims occurred.

RESPONSE: County Defendants assert that Plaintiff s allegations state legal conclusions for which no answer is required.

**PARTIES**

6. Michael K. Brooks, Plaintiff, at all times relevant to this action is a citizen of the State of Wisconsin who currently resides at Wisconsin Resource Center, P.O. Box 220, Winnebago, Wisconsin 54985-0220.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship and therefore deny the same. County Defendants admit that Plaintiff currently resides at the Wisconsin Resource Center.

7. Defendant Lieutenant Artus was a lieutenant of the Milwaukee County Jail and is employed by the County. And at all times material herein has acted under the color of

the law and is sued in his individual compacity [sic] for damages and his official capacity for injctive [sic] relief.

RESPONSE: County Defendants admit that Lieutenant Artus worked for Milwaukee County and at the Milwaukee County Jail facility as a lieutenant at all times relevant. County Defendants assert that the remainder of Plaintiff s allegations state legal conclusions for which no answer is required.

8. Defendant Quivon Dillon was an officer at the Milwaukee County Jail and is employed by the County. And at all times material herein has acted under color of law and is sued in his individual compacity [sic] for damages and his official compacity [sic] for injctive [sic] relief.

RESPONSE: County Defendants admit that Officer Dillon worked for Milwaukee County and at the Milwaukee County Jail facility as a corrections officer at all times relevant to the allegations in this Amended Complaint. County Defendants deny that Officer Dillon is currently employed by the County. County Defendants assert that the remainder of Plaintiff s allegations state legal conclusions for which no answer is required.

9. Defendant Jeffrey Erickson was an officer at the Milwaukee County Jail and is employed by the County. And at all times material herein has acted under color of law and is sued in his individual compacity [sic] for damages and his official compacity [sic] for injctive [sic] relief.

RESPONSE: County Defendants admit that Officer Erickson worked for Milwaukee County and at the Milwaukee County Jail at all times relevant to the Amended Complaint. County Defendants further admit that Officer Erickson is currently employed by the County. County Defendants assert that the remainder of Plaintiff s allegations state legal conclusions for which no answer is required.

10. Defendant Pedro Ruiz was an officer at the Milwaukee County Jail and is employed by the County. And at all times material herein has acted under color of law and is sued in his individual compacity [sic] for damages and his official compacity [sic] for injctive [sic] relief.

3

RESPONSE: County Defendants admit that Officer Ruiz worked for Milwaukee County and at the Milwaukee County Jail as a corrections officer at all times relevant to the Amended Complaint. County Defendants further admit that Officer Ruiz is currently employed by the County. County Defendants assert that the remainder of Plaintiff s allegations state legal conclusions for which no answer is required.

11. Defendant Brandon Decker was a Nurse Practitioner employed by Milwaukee County through contracts with Armor. And at all times material herein has acted under the color of law and is sued in his individual compacity [sic] for damages and his official compacity [sic] for injuctive [sic] relief.

RESPONSE: Deny.

## ALLEGATIONS OF FACT

12. On August 13, 29, 30, of 2017[,] Plaintiff had unit officer call the Health Care Unit to have medical supplies sent to the unit. Plaintiff Seth-Caths [sic] at least 4 times a day and maybe more. Plaintiff didn't receive any pull-ups, catheters, sanitation prep-pads, or lubricating Jelly on the above mentioned days. Plaintiff was forced to expose himself to a urinary track [sic] infection.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

13. On August 14, 15, 16, of 2017[,] Plaintiff went 4 to 16 hours without being able to relieve himself of urine and not stop urine from leaking from penis. Plaintiff had to eat, sleep, and wear the same clothing.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same. County Defendants affirmatively state that Plaintiff was provided with changes of clothes and linen.

14. On August 16, 2017, Plaintiff asked Second Shift Officer can he take a shower, Plaintiff was denied a shower and had to sleep in Soiled Clothing.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same. County Defendants affirmatively state that Plaintiff was provided with showers and given changes of clothes and linen.

15. On August 31, 2017, Plaintiff had first shift Officer call the Health Service Unit to have supplies sent up to unit. Plaintiff went several hours without relieving himself. Unit Officer on her brake [sic] brought some catheters back to unit 5C.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

16. On August 18, 2017, Plaintiff asked second shift officer could he please take a shower. Plaintiff was denied a shower even though Plaintiff had medical restriction for clothing, linen, and showers as needed. Plaintiff was then escorted to the Medical Housing Unit for threating [sic] to harm himself because of his condition.

RESPONSE: County Defendants object to the allegation of a "Medical Restriction for Clothing, Linen, and showers." County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same. County Defendants affirmatively state that Plaintiff was provided with showers and given changes of clothes and linens. County Defendants affirmatively state that Plaintiff was moved to the Special Needs Unit on August 19, 2017 and he was placed on suicide watch.

17. On September 3, 2017, Plaintiff asked second shift officer (Ruiz) could he take a shower Plaintiff was denied a shower but given a change of clothing and linen.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same. County Defendants affirmatively state that Plaintiff was provided with showers and given changes of clothes and linens.

18. On September 9, 2017, Plaintiff asked First Shift Officer (Dillon) could he please take a shower. Plaintiff was denied a shower and a change of clothing. Plaintiff asked Officer (Dillon) to call the Medical Unit to have supplies sent up. Plaintiff never received supplies and was forced to reuse catheters exposing himself to a urinary track [sic] infection.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same. County Defendants affirmatively state that Plaintiff was provided with showers and given changes of clothes and linens.

19. On September 9, 2017, Plaintiff asked Second Shift Officer (Erickson) could he take a shower and have a change of clothing and Linen. Plaintiff was denied a shower but give

5

[sic] clothing. Plaintiff was forced to sleep on urine smelling sheets and blankets. Officer Erickson was made aware of restriction for Plaintiff.

RESPONSE: County Defendants object to the allegation of a "Medical Restriction." County Defendants admit that Plaintiff was provided with showers and given changes of clothes and linens. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

20. On September 13, 2017, Plaintiff spoke to Nurse Practioner (Decker) about all of these issues in this complaint. (Decker) stated that there is nothing he could do about these issues but place a permanent catheter inside my penis and a bag to urine inside.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of these allegations as Nurse Practioner Decker is not an employee of Milwaukee County and therefore deny the same.

21. On September 25, 2017, Plaintiff was forced to reuse the same catheters over and over.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

22. On September 26, 2017, Plaintiff was forced to reuse the same catheters over and over, as these were the same catheters as the day before.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

23. On August 13, 14, 16, 2017, Plaintiff wrote to Health Services by filling out a Health Service Slip Request regarding these issues in this complaint. Nurse Practioner (Decker) said that he would have things looked into.

RESPONSE: County Defendants admit that on August 14, 19, 26, 31 and September 25, 26, 29 and October 1, 5, 8, 23, 2017, Plaintiff filled out grievances on medical conditions and treatment. County defendants affirmatively state that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient

6

to form a belief as to the truth of the remaining allegations as Nurse Practioner Decker is not an employee of Milwaukee County and therefore deny the same.

24. On August 15, 2017 and August 18, 2017, Plaintiff filled out a request slip to talk to any Lieutenant about all of the issues in this Complaint and Plaintiff received no response or change in treatment.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

25. On August 23, 2017, Plaintiff wrote a Lieutenant (Artus) about all of the issues in this complaint and plaintiff has yet to receive any change in treatment or a response.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of this allegation and therefore deny the same.

26. On August 26, 31, 2017, Plaintiff filled out inmate grievance forms for these dates about his medical conditions and Plaintiff has yet to receive a response or change in treatment.

RESPONSE: County Defendants admit only that on August 26 and 31, 2017, Plaintiff filled out grievances on medical conditions and treatment. County defendants deny that Plaintiff has yet to receive a response. County defendants affirmatively state that these grievances were forwarded to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

27. On September 12, 2017, Plaintiff received a written response for Grievance #10745. This response says that my medical conditions and treatment is founded but there has been no change in treatment.

RESPONSE: County Defendants lack information and knowledge sufficient to form a belief as to the truth of these allegations and therefore deny the same. County Defendants affirmatively state that medical conditions and treatment are provided by a contracted-for health care provider.

28. On September 19, 26, 2017, Plaintiff filled out an inmate grievance form and has yet to receive a response or change in treatment.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on September 25, 26, 29, 2017. County Defendants affirmatively state that the grievances they received, were forwarded to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

29. Plaintiff received a notice of grievance on September 28, 2017 that was referred to Lieutenant. On September 27, 2017, that was referred to Armor and September 29, 2017 that was referred to medical. Grievance #11022, #10972, and #11042.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on September 25, 26, 29, 2017 and that, but for the September 29, 2017 grievance (which was about money and not relevant to this complaint) these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

30. On September 27, 2017, Plaintiff filled out a Health Care Request form regarding his medical conditions, treatment, and not getting supplies. There was no response or change in treatment.

RESPONSE: County defendants admit that Plaintiff filed Inmate Grievances on September 25, 26, 29, 2017 and that, but for the September 29, 2017 grievance (which was about money and not relevant to this complaint), these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

31. On October 1, 2017, Plaintiff filled out an inmate grievance from about all of these issues in this complaint and there has been no response to Plaintiffs [sic] Grievances.

8

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

32. On September 27, 2017, Plaintiff [filled out] an inmate grievance form and there has been no change in Plaintiffs [sic] treatment.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievance forms on September 25, 26, 29 and October 1, 5, 8, 23, 2017. County Defendants admit that but for the September 29, 2017 grievance (which was about money and not relevant to this complaint), these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

33. On September 28, 2017, Plaintiff filled out [an] Inmate Grievance Form and ther[e] has been no chang[e] in plaintiffs [sic] treatment.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievance forms on September 25, 26, 29 and October 1, 5, 8, 23, 2017. County Defendants admit that but for the September 29, 2017 grievance (which was about money and not relevant to this complaint), these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

34. On October 2, 2017, Plaintiff received from Grievance #11042. There has been no change in treatment. This Grievance was unfounded, but they apoligized [sic] for the inconveniences.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

35. On October 3, 2017, Plaintiff filled out a Health Care Request form and asked why Plaintiff is only getting (2) catheters instead of (4) or (more)? Plaintiff received no response, and continued to use old catheters.

RESPONSE: County defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

36. On October 5, 2017, Plaintiff filled out a Grievance form about not getting at least (4) catheters daily. There was no response and Plaintiff reused old catheters.

RESPONSE: County Defendants admit that Plaintiff filed an Inmate Grievance on October 5, 2017. County Defendants affirmatively state that this grievance was forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

37. Plaint [sic] received a notice of receipt for a Grievance, Grievance #11105 which was referred to medical on Oct. 6, 2017. There was no response to this Grievance after this.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care

provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

38. On October 8, 2017, Plaintiff filed a Grievance and receive[d] no response or change in treatment. Plaintiff suffered through severe pain.

RESPONSE: County Defendants admit that Plaintiff filed an Inmate Grievance on October 8, 2017. County Defendants affirmatively state that this grievance was forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

39. On October 9, 2017, Plaintiff filed a Grievance and received no change in treatment. Plaintiff received no response or change in treatment regarding his condition.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

40. On October 9, 2017, Plaintiff filled out a Health Care Request Form. Plaintiff asked why are you exposing me to a Urinary Track [sic] Infection (UTI)? Why are you forcing me to reuse the same Catheters. There has been no change or response.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

41. Plaintiff received a notice of receipt regarding Grievance #11128. This Grievance was referred to medical. There were no other responses to this Grievance.

RESPONSE: County Defendants admit that Plaintiff filed Grievance #11128 on October 8, 2017 and that this grievance was referred to medical. County Defendants affirmatively state that this grievance was forwarded or referred to the contracted-for health care provider for medical conditions and treatment and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

42. On October 12, 2017, Plaintiff filed a Grievance about suffering through severe pain and hurting do [sic] to not having catheters. There has been no response or change in treatment.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

43. On October 15, 2017, Plaintiff filled out a Health Care Request after only receiving (1) Catheter. There was no response or change in treatment. Plaintiff was forced to reuse same catheter.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

44. Plaintiff received a response from Grievance #10736. The Grievance was unfounded but they apoligized [sic] for any inconvenience, but agreed to give me (4) catheters daily. This Grievance was dated October 16, 2017.

RESPONSE: County Defendants admit that Plaintiff filed Grievance #10736. County Defendants affirmatively state that this grievance was forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for

health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

45. On October 17, 2017, Plaintiff filled out a Health Care request because catheters aren't being sent to unit. There was no response or change in treatment. Plaintiff reused old catheters.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

46. On October 19, 2017, Plaintiff filled out Health Care request about not getting catheters. There was no response and Plaintiff reused old catheters.

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

47. On October 23, 2017, Plaintiff filed out grievance form about the issues in this complaint and there has been a partial response to plaintiffs [sic] treatment.

RESPONSE: County Defendants admit that Plaintiff filed an Inmate Grievance on October 23, 2017. County Defendants affirmatively state that this grievance was forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

48. On October 24, 2017, Plaintiff filled out a Health Care request form about not getting supplies. There was no response and partial treatment.

13

RESPONSE: County Defendants admit that Plaintiff filed Inmate Grievances on October 1, 5, 8, 23, 2017 and that these grievances were forwarded or referred to the contracted-for health care provider and that medical conditions and treatment are provided by a contracted-for health care provider. County Defendants lack information and knowledge sufficient to form a belief as to the truth of the remaining allegations and therefore deny the same.

## CLAIMS OF RELIEF

49. 8th amendmant [sic] constitutional cause of action for conditions of confinement, deliberate indifference to my serious medical need and pain and suffering.

RESPONSE: County Defendants assert that Plaintiff s allegations state a legal conclusion for which no answer is required.

## RELIEF REQUESTED

50. Wherefore, Plaintiff respectfully request [sic] and prays for the following:

   A. <u>Declaratory Judgment</u>: stating defendants actions violated Plaintiffs 8th amendmant [sic] rights of the United States Constitution.

   B. <u>Compensatory Damages</u>: 100,000 thousand against each defendant jointly and to severely punish defendants for the callous disreguard [sic] of Plaintiffs 8th Amendmant [sic] rights of the United States Constitution.

   C. <u>Punitive Damages</u>: 50,000 thousand against each defendant jointly and to severely punish defendants for the callous disregaurd [sic] of plaintiffs 8th amendmant [sic] rights of the Untied States Constitution.

   D. <u>Injutive [sic] Relief</u>: stating defendant must pay for all medical bills.

   E. Court cost and fee's [sic].

   F. Any other relief that the Court deems just and proper.

RESPONSE: County Defendants deny that Plaintiff is entitled to any such relief requested.

14

## AFFIRMATIVE DEFENSES

Defendants Steven Artus, Quivon Dillon, Jeffrey Erickson, and Pedro Ruiz assert the following Affirmative Defenses:

a) The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted;

b) Plaintiff requests a remedy that would not be not available by virtue of this individual lawsuit;

c) Punitive damages are not available against a municipality in a 42 U.S.C. § 1983 action;

d) These answering Defendants are entitled to absolute immunity;

e) These answering Defendants are entitled to qualified immunity;

f) These answering Defendants at all times relevant acted in good faith and were not motivated by malice or intent to harm;

g) All actions of these answering Defendants were for a legitimate penological purpose;

h) As to any state law claim, Plaintiff may have failed to comply with the provisions of Wis. Stat. § 893.80;

i) Plaintiff may have failed to exhaust his administrative remedies as it relates to the actions of these answering defendants;

j) Plaintiff's injuries or damages, if any, were not caused by a governmental policy or practice of these answering Defendants;

k) Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997(e);

l) Plaintiff may have failed to mitigate any damages;

m) Any injuries and damages sustained by the Plaintiff, were caused in whole or in part by the acts or omissions of the Plaintiff and/or someone other than these answering Defendants;

n) Any injuries or damages sustained by the Plaintiff are the result of an intervening and/or superseding cause such that Plaintiff does not have a right to recovery against these answering Defendants;

o) Plaintiff was not subjected to a strong likelihood of serious harm;

p) Plaintiff was not harmed;

q) Defendants reserve the right to amend this answer to assert additional affirmative defenses, the factual basis of which may be revealed as discovery proceeds.

WHEREFORE, Defendants Steven Artus, Quivon Dillon, Jeffrey Erickson, and Pedro Ruiz respectfully request judgment as follows:

A. For dismissal of the Plaintiff's Amended Complaint upon its merits;

B. For the costs and disbursements of this action;

C. For reasonable actual attorney's fees pursuant to 42 U.S.C. § 1988; and

D. For such other relief as this court deems just and equitable.

THE DEFENDANTS DEMAND TRIAL TO A JURY.

Dated at Milwaukee, Wisconsin this 21st day of November, 2019.

    MARGARET C. DAUN
Milwaukee County Corporation Counsel

By:   s/ Anne Berleman Kearney
ANNE BERLEMAN KEARNEY
Deputy Corporation Counsel
State Bar No. 1031085
Attorney for Defendants Steven Artus, Quivon Dillon, Jeffrey Erickson, and Pedro Ruiz

P.O. Mailing Address:
Milwaukee County Office of Corporation Counsel
901 North Ninth Street, Room 303
Milwaukee, WI 53233
Telephone: (414) 278-4432
Facsimile: (414) 223-1249
Email: anne.kearney@milwaukeecountywi.gov