UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KEITH BROOKS,

    Plaintiff,

v.

STEVEN ARTUS, QUIVON DILLON,
JEFFREY ERICKSON, PEDRO RUIZ,
and BRANDON DECKER,

    Defendants.

Case No. 18-CV-1767-JPS

**ORDER**

    Plaintiff filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated at the Milwaukee County Jail ("MCJ"). (Docket #1). At the Court's direction, *see* (Docket #21), Plaintiff has filed an amended complaint, (Docket #22). This amended complaint largely contains the same allegations as the original complaint, but includes more details and seeks dismissal of certain defendants including Nurses Amy and Jackie, Matthew Johnston, and Lieutenant Mateo. *See id.* at 12. The Court now turns to screening that complaint. All of the legal standards announced in the Court's original screening order apply here. (Docket #8 at 1–3).

    Plaintiff's allegations again concern the failure of MCJ staff to provide him with adequate medical supplies to address an on-going health issue. (Docket #22 at 3–9). Plaintiff explains that he uses a catheter to help him urinate, and needs to change the catheter approximately four times per day. *Id.* at 3. He alleges that between August and October 2017, he was not supplied with enough catheters and related supplies to relieve himself on a regular basis. As a result, he was forced to re-use catheters without surgical lubricant, thereby exposing himself to urinary tract infections, or go as long

as 16 hours without relieving himself. *Id.* at 4. Because of this delay in receiving catheters, he experienced urine leakage, which soiled his clothes and bedding. *Id.* He complained regularly about the situation to the named officer defendants, and requested adequate medical supplies, showers, and changes in clothes and bed linens. The officer defendants frequently denied most, if not all, of these requests, forcing Plaintiff to sleep in soiled clothing and bed linens and reuse old catheters. *Id.* at 4. Beginning on August 13, 2017, Plaintiff wrote to health services explaining the issue to Nurse Practitioner Brandon Decker ("Decker"), and requesting better care. Decker said he would look into the issue, but nothing changed. *Id.* at 6. Plaintiff continued to receive an inadequate number of catheters and supplies, and was forced to either reuse catheters or hold his urine, which resulted in pain and soiled clothing and bedding. Beginning on August 15, 2017, Plaintiff made his concerns known to Lieutenant Steven Artus, but still nothing changed. *Id.*

When Plaintiff complained again of his inadequate medical treatment to Decker on September 13, 2019, he was told that the only solution would be to install a permanent catheter and a urine bag. *Id.* at 5. Plaintiff continued to receive an inadequate number of catheters and related supplies. He also continued to file grievances and letters. Although some of his grievance response forms indicated that his medical issue was founded, there was no change in his treatment. *Id.* at 6–7. Throughout September and October, Plaintiff continued to be denied showers and clean clothes and linens, and was regularly forced to reuse catheters. He filed additional grievance forms throughout September and October, indicating that there had been no change in his treatment. Towards the end of October, there was finally a partial response to Plaintiff's treatment. *Id.* at 9.

However, as a result of the inadequate medical care over the course of three months, Plaintiff suffered pain, was forced to sleep in soiled clothes and linens, and was exposed to a heightened risk of infection.

Plaintiff's amended complaint successfully states claims for deliberate indifference to his serious medical needs and for unconstitutional conditions of confinement, in violation of the Eighth Amendment.[1] Plaintiff has alleged an objectively serious medical condition that Defendants knew about and were deliberately indifferent in treating, and that this indifference caused him some injury. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). Plaintiff also alleged that the delay in receiving adequate medical supplies unnecessarily prolonged his pain by forcing him to reuse old catheters and hold his urine for extended periods of time. *Petties v. Carter*, 836 F.3d 722, 730–31 (7th Cir. 2016).

Plaintiff has also alleged that the named defendants were deliberately indifferent to his conditions of confinement by denying him showers and clean clothes and bed linens, and by forcing him to reuse his catheters or hold his urine for extended periods of time, which constituted an "unnecessary and wanton infliction of pain." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Farmer v. Brennan*, 511 U.S. 825, 834 (1970) (holding that an Eighth Amendment violation arises when prisoners are deprived of "the minimal civilized measure of life's necessities.").

---

[1] It remains unclear from Plaintiff's allegations whether he should be viewed as a convicted prisoner or a pretrial detainee for purposes of a Section 1983 claim. Prisoners are protected by the Eighth Amendment's prohibition on cruel and unusual punishment, while pretrial detainees are governed by the Fourteenth Amendment's due process clause. The Court again finds that Plaintiff can proceed even under the more stringent standard provided by the Eighth Amendment. What the appropriate standard is must be addressed by the parties in dispositive motion practice or at trial. *See Miranda v. Cty. of Lake*, 900 F.3d 335, 350–54 (7th Cir. 2018).

Thus, Plaintiff shall be permitted to proceed against these defendants on two claims for Eighth Amendment violations: first, for deliberate indifference to his serious medical needs, and second, for his unconstitutional conditions of confinement. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's amended complaint (Docket #22) be and the same is hereby the operative complaint in this action;

**IT IS FURTHER ORDERED** that Defendants Lieutenant Mateo, Nurse Amy, Nurse Jackie, and Matthew Johnston be and the same are hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that Defendants Steven Artus, Quivon Dillon, Jeffrey Erickson, Pedro Ruiz, and Brandon Decker shall file a responsive pleading to the amended complaint.

Dated at Milwaukee, Wisconsin, this 23rd day of December, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge