UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KEITH BROOKS,

    Plaintiff,

v.                                     Case No. 18-C-1767

STEVEN ARTUS, et al..,

    Defendants.

## NOTICE AND ORDER

Plaintiff Michael Keith Brooks, who is representing himself, filed a complaint under 42 U.S.C. § 1983. On July 1, 2020, the defendants filed motions for summary judgment. (ECF No. 39 and 49.) Under Civil L. R. 56(b)(2), Brooks' response materials are due within thirty days of service of the motion, or by **Friday, July 31, 2020**. In responding to the defendants' motions for summary judgment, Brooks must respond to each of the defendants' proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Brooks must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

everything in the declaration is true and correct. Brooks must also respond to the legal arguments in the defendants' brief.

The court reminds Brooks that, under Civil L. R. 7(d), a party's failure to respond to a motion is sufficient cause for the court to grant the motion. Further, under Civil L. R. 41(c), if it appears that a plaintiff is not diligently prosecuting his case (for example, if he fails to respond to a dispositive motion), the court may dismiss the case with or without prejudice. If Brooks believes he needs additional time to prepare his response materials, he must file a motion asking the court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that, if by **July 31, 2020**, Brooks does not respond to the defendants' summary judgment motions or does not request additional time to do so, the court will grant the defendants' motions and dismiss this case.

Dated at Green Bay, Wisconsin this 6th day of July, 2020.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge